HELENE N. WHITE,
Circuit Judge, concurring in part and dissenting in part.
I concur as to David Stone, Sr., Joshua Stone, and Michael Meeks, and dissent as to Thomas Piatek and Joshua Clough. I also write separately to observe that I find this to be a far closer call than the majority opinion would indicate.
The district court took seriously the government’s burden to establish by clear and convincing evidence, as to each defendant, that no combination of conditions will reasonably assure the safety of the community. The government chose to proceed by proffer, consisting of both assertions of fact and broad conclusions, with sometimes vague references to the sources of the proffered information. The government witness presented for cross-examination was unable to provide meaningful answers to the questions posed by defendants’ attorneys and the court.
The majority’s account is not inaccurate, but it gives little attention to the concerns underlying the district court’s decision. The FBI was following the activities of the Hutaree for approximately two years, during which time the group maintained a website, conducted field training activities, possessed vast quantities of ammunition and firearms (which, with the exception of three to four firearms, were not shown to the court to be illegal,[1] and which in one defendant’s case were collected over twenty years), talked of the members’ dislike of the United Nations, the government and government officials, especially law enforcement officers, and discussed various scenarios for killing law enforcement officers. However, the group and its members had never taken any action except for field training, and some of the taped conversations appeared to be in jest.
The tapes did not reveal a specific plan or plot to commit any of the charged offenses, but rather indicated an interest in doing so; the same interest that had been present for some time, and upon which none of the defendants had acted. It was against this backdrop that the district court determined that the conditions imposed would reasonably assure the safety of others and the community.
Notwithstanding the foregoing observations, I agree with the majority that taking into consideration the Congressional presumption of dangerousness that attaches to certain of the charged offenses, which presumption does not disappear in the face of contrary evidence, but must be considered in the calculus of dangerousness, no conditions of release will reasonably assure that defendants Stone, Sr., Stone, and Meeks will not present a danger to the community.
*955 As to Piatek, the evidence showed that he has worked for the same company as a truck driver for seventeen years and is a valued employee, that he participates in community organizations, that he supports his family, and that the weapons found at his home were registered and were collected over the course of twenty years. Were it not for the government’s proffer, of his girlfriend’s complaint to law enforcement authorities that he threatened her, I would affirm the district court’s decision. Piatek’s counsel responded to the government’s allegations by asserting that Piatek was never arrested or charged, that he is still dating the complainant, and that she had planned a joint birthday party for Piatek and her brother to be held the weekend after Piatek’s arrest. The district court did not address the girlfriend’s complaint in assessing Piatek’s dangerousness. I agree with the majority that unrelated conduct evincing dangerousness can be considered in assessing whether a defendant can safely be released pending trial. However, given the conflicting contentions, and the importance of the girlfriend’s complaint to the evaluation of Piatek’s dangerousness, I would not reverse the district court’s determination, but rather, would vacate and remand for reconsideration, taking into account the allegations and Piatek’s response, together with any further information.
As to Clough, I would affirm the district court. The trip-wire detection system is designed to detect intruders. Although the government argues that the same technology can be used to set off devices, there is no indication that Clough used or intended to use it in that manner. The posting on the website was the general posting at the bottom of the group’s website, and should be viewed in that context, not as a statement of Clough’s intent. Further, the reference to returning fire assumes that the group is being fired upon, and does not suggest an offensive attack. The other statements attributed to Clough are more in the nature of observations than threats — the list of elected officials looked like a “hit list” for the Hutaree; observing during a conversation regarding killing police officers that “it would not be a pretty day for any officers coming down here.” The government has not met its burden of persuasion that no conditions of Clough’s release can reasonably assure the safety of others and the community.

. The district court acknowledged that the government proffered that David Stone, Sr., possessed three to four firearms that appeared not to be of the legal length.